## GROUP HOSPITALIZATION MEDICAL SERVICE, INC.

### V.

## TAMARA C. SMITH

Record No. 860220

September 23, 1988

Present: All the Justices

*John J. Brennan, III (Jackson & Campbell, P.C.*, on brief), for appellant.

*Gary V. Davis (Lorraine N. Benefiel*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

In this appeal, we decide whether an employer which paid certain health care benefits for its employees through an agent is subject to the antisubrogation provisions of former Code § 38.1-342.2 (Cum. Supp. 1985) (subsequently amended, now Code § 38.2-3405).

As a part of its compensation "package," Fairfax County, a self-insurer, provided its employees with a health care plan through an agency contract it had with Group Hospitalization Medical Service, Inc. (GHMSI). The plan had limitations, exclusions from coverage, and many other provisions typical of health care insurance policies. Under the terms of the contract, GHMSI paid health care providers' charges incurred by Fairfax County employees and their minor dependents for those services covered by the plan. Thereafter, Fairfax County fully reimbursed GHMSI for all such payments. In addition, Fairfax County paid GHMSI a service fee for processing the claims. The contract had a subrogation clause that required the beneficiaries of the plan to reimburse GHMSI for any sum GHMSI paid for covered health care services which the beneficiaries had recovered from third parties responsible for the beneficiaries' injuries. GHMSI in turn reimbursed Fairfax County for any sums it received from the beneficiaries.

In July 1983, Tamara Smith (Tamara), a minor dependent of Dallas Smith, an employee of Fairfax County, was injured in an

automobile accident. In accordance with the contract, GHMSI paid a number of medical and hospital bills Tamara incurred as a result of the accident; however, Fairfax County later reimbursed GHMSI. Tamara recovered from the third party responsible for her injuries a sum greater than those payments. GHMSI instituted this action, seeking to assert its contractual right to recover from Tamara those amounts it had paid under the contract. Tamara contended that the contractual provision authorizing such a recovery was invalid and, therefore, unenforceable because it violated the antisubrogation provisions of former Code § 38.1-342.2.* That statute provided in pertinent part:

> No contract of insurance providing hospitalization, medical, surgical and similar or related benefits, and no contract or plan for prepayment of future hospitalization, medical, surgical and similar and related benefits, delivered or issued for delivery in this State, shall contain any provision providing for subrogation of a person, corporation, or association paying benefits under such policy, contract, or plan to the rights which the person receiving such benefits may have to recover from a third person for personal injuries for the treatment of which such services were rendered.

The issue was submitted to the trial court on a stipulation of facts, and it held that the contractual provision for subrogation was invalid as a violation of former Code § 38.1-342.2. We granted GHMSI this appeal.

GHMSI contends that because its contract with Fairfax County is not a policy of insurance, the antisubrogation statute does not apply to it. We have defined the essential terms of an insurance contract as: "(1) the subject matter to be insured; (2) the risk insured against; (3) the commencement and period of the risk undertaken by the insurer; (4) the amount of insurance; and

---

* The present statute is Code § 38.2-3405, providing in pertinent part:
Certain subrogation provisions and limitations upon recovery in hospital, medical, etc., policies forbidden.—A. No insurance contract providing hospital, medical, surgical and similar or related benefits, *and no subscription contract or health services plan* delivered or issued for delivery or providing for payment of benefits to or on behalf of persons residing in or employed in this Commonwealth shall contain any provision providing for subrogation of any person's right to recovery for personal injuries from a third person.
(Emphasis added.)

(5) the premium and time at which it is to be paid." *American Surety Co.* v. *Commonwealth*, 180 Va. 97, 105, 21 S.E.2d 748, 752 (1942). Applying these terms to the present case, we find that the employees of Fairfax County and their minor dependents are the subject matters insured, their need for medical and hospital attention is the risk insured against, the period of the risk is the period stated in the plan, the amount of insurance is as stated in the plan, and the premium and time for payment are supplied by each employee's performance of work for Fairfax County.

■ GHMSI does not deny that the contract contains many provisions typically found in an insurance policy; however, it argues that because GHMSI did not assume a risk of loss, which is an essential element of an insurance contract, the contract did not constitute a policy of insurance. We find no merit in this argument. GHMSI was a mere agent of Fairfax County in processing the health care claims, which included any attempt to assert Fairfax County's subrogation rights. GHMSI's principal, Fairfax County, as a self-insurer, assumed the risk of loss by obligating itself to the payment of those health claims covered by the terms of the contract.

■ Next, GHMSI argues that the failure to solicit employees to purchase insurance and the lack of a profit motive on the part of Fairfax County keep this contract from being one of insurance. It cites *State ex Rel. Farmer* v. *Monsanto Co.*, 517 S.W.2d 129 (Mo. 1979), in support of this position. In *Monsanto*, a state statute prevented any company from "transact[ing] . . . any insurance business" without obtaining a certificate authorizing it to conduct such a business from the superintendent of insurance. *Id.* at 131. The court held that Monsanto Company did not violate the statute by paying sickness and accident benefits to its employees pursuant to a noncontributory plan. *Id.* at 133. GHMSI in its brief, like the appellant in *Monsanto*, relies upon a number of cases from other states holding that because an insurance company providing its employees with noncontributory health care benefits is not in the *business* of selling insurance to its own employees, it is not liable for a tax levied upon insurance premiums. Nowhere in the antisubrogation statute do we find any requirement that the issuer of such a contract of insurance be "transacting insurance business," as in *Monsanto* and its supporting cases. The statute directs that no "contract of insurance" contain a sub-

rogation clause; it does not require that the insuring party to the contract also be "transacting insurance business."

■ Finally, GHMSI's references to the cases involving nonregulation of self-insurance plans issued under the Federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 (1982), are inapposite. By statute, Congress *specifically excluded* certain types of self-insurance plans from state regulation. ERISA's exclusion, however, does not affect this plan.

■ In summary, we find that Fairfax County's health benefit plan was an insurance agreement covered by the antisubrogation statute, former Code § 38.1-342.2, and, accordingly, will affirm the judgment of the trial court.

*Affirmed.*